UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Wynn Resorts, Ltd., | Case No. 2:21-cv-01230-CDS-EJY |
| Plaintiff | **Order Granting Defendant's Motion for Partial Judgment on the Pleadings** |
| v. | |
| Factory Mutual Insurance Company, | [ECF No. 54] |
| Defendant | |

   This contractual dispute between plaintiff Wynn Resorts, Limited, and defendant Factory Mutual Insurance Company implicates coverage provisions based on "physical loss and damage" language in two insurance policies that were in effect during the COVID-19 pandemic. Factory Mutual asks me to grant partial judgment on the pleadings in their favor, arguing that Wynn has not plausibly alleged that the COVID-19 pandemic entitles them to coverage for alleged "physical loss and damage," and further that Factory Mutual properly declined to extend coverage based on that language. Wynn opposes the motion, arguing that the complaint sufficient sets forth how the COVID-19 virus caused property loss and damage. Wynn further argues that Factory Mutual unlawfully applied certain exclusion provisions of the policies. For the reasons set forth herein,  I find that that Wynn fails to plausibly plead a basis for coverage under the policy and fails to demonstrate that Factory Mutual improperly excluded coverage. I therefore grant Factory Mutual's motion for partial judgment on the pleadings and order the parties to attend a mandatory settlement conference before the magistrate judge assigned to this case.

I.     **Relevant background information**

   Wynn develops and operates hotel-casinos in Nevada and Massachusetts. Compl., ECF No. 1-1 at ¶¶ 18, 21, 25. Factory Mutual is an insurance company which issued two, one-year,

first-party insurance policies to Wynn. The first policy (Policy No. 1048495) was effective April 15, 2019 through April 15, 2020. *Id.* at ¶ 111. The second policy (Policy No. 1064616) was effective April 15, 2020 through April 15, 2021. *Id.* The policies were "all risk," meaning they covered "ALL RISKS OF PHYSICAL LOSS OR DAMAGE," except for certain exclusions. ECF No. 1-1 at 30, 54, 61, 150, 157. Wynn argues Factory Mutual wrongfully denied coverage to them under the Policies as a result of the COVID-19 pandemic and brings four claims for relief: (1) declaratory relief; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) breach of Nevada's Unfair Claim Practices Act. ECF No. 1-1 at 44–48. They argue that the pandemic caused "physical loss and damage" to the property, and further additional exclusions in the Policies are inapplicable, rendering Factory Mutual's denial of coverage unlawful.

Factory Mutual moves for judgment on the pleadings and contends coverage is not required under the policies. ECF No. 54. First, they argue that the pandemic did not cause any "physical loss or damage" to the property—a prerequisite to coverage. ECF No. 54 at 9–17. They further argue that any losses sustained by the Wynn are not covered under the policies' "Contamination," "Loss of Use," or "Law and Ordinance" exclusions. *Id.* at 18–23. Last, Factory Mutual contends there is no coverage under the "Civil or Military Authority" provision because the pandemic-related shutdown orders did not cause any physical loss or damage to the property. *Id.* at 23–24.

## II.   Legal standard

After the pleadings are closed but early enough not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard for Rule 12(c) motions is similar to Rule 12(b)(6) motions to dismiss. Under this standard, the court may grant judgment on the pleadings only when, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

judgment as a matter of law. *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). The courts may consider only the complaint, the answer, exhibits attached to the complaint, and matters subject to judicial notice when deciding Rule 12(c) motions. Fed. R. Civ. P. 12(c); *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008).[1] A complaint should be dismissed without leave to amend only if "the Court is satisfied that an amendment could not cure the deficiency." *Harris v. County of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

## III. Discussion

"The starting point for the interpretation of any contract, including insurance policies, is with its plain language." *McDaniel v. Sierra Health & Life Ins. Co., Inc.*, 53 P.3d 904, 906 (Nev. 2002). An insurance policy's terms are to be viewed "in their plain, ordinary[,] and popular sense." *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993). A potential for coverage under the policy "only exists when there is arguable or possible coverage." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). Interpreting insurance contract terms in Nevada is a question of law, a job normally left for the court. *See Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014); *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013). "A party who seeks to recover on an insurance policy has the burden of establishing any condition precedent to coverage."

---

[1] I considered both of the insurance policies between the parties, ECF No. 1-1 at 54–239, and the Stay-At-Home Orders issued by Governors Sisolak and Baker (ECF Nos. 54-3, 54-5) as well as the information proffered in the complaint and attached to Factory Mutual's motion regarding COVID-19 policies and infection rates in issuing this order. I may consider documents that the complaint incorporates by reference if the plaintiff refers "extensively to the document or the document forms the basis" of the plaintiff's claims. *Id.* Here, Wynn has provided the insurance policies at issue and referenced the applicable Stay-At-Home Orders in its complaint when it filed its opposition to the motion. Factory Mutual does not dispute the authenticity of these exhibits, so I consider them at this stage of the litigation. However, I do not consider plaintiff's exhibit 4, which describes 2016 statements submitted by Factory Mutual to government regulators. *See* ECF No. 56-4. Not only where these statements not relied upon in the complaint, Wynn's opposition raises a dispute regarding the "intent" of the defendant in submitting those statements, rendering them inappropriate for judicial notice. A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is only appropriate for me to take judicial notice of the content of the governmental forms and the fact that they were filed with the agency. But "[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008).

1  *Lucini-Parish Ins. v. Buck, Inc.*, 836 P.2d 627, 629 (Nev. 1992). As explained herein, Wynn does not

2  meet its burden.

3          a.   *Wynn fails to establish physical loss or damage as required by the policy.*

4          There is no dispute that Factory Mutual issued two coverage policies between April of

5  2019 and ending April of 2021. The question before the court at this stage is: did the COVID-19

6  pandemic cause physical loss or damage to Wynn? The polices cover the "reasonable and

7  necessary costs incurred for actions to temporarily protect or preserve insured property;

8  provided such actions are necessary due to actual, or to prevent immediately impending, insured

9  **physical loss or damage** to such insured property." ECF No. 1-1 at 90, 186 (emphasis added).

10 Most of Wynn's allegations and arguments related to "physical loss and damage" have been

11 rejected by this court,[2] courts in this district and others,[3] and the Ninth Circuit – to include a

12 decision issued two weeks ago. In *Oregon Clinic, PC v. Fireman's Fund Insurance Company*, 2023 WL

13 4854808, at *7 (9th Cir. July 31, 2023), the Ninth Circuit affirmed a dismissal of a complaint

14 with prejudice in the District of Oregon based on similar allegations. In that case, the Oregon

15 Clinic alleged that COVID-19 was present and caused physical damage in numerous ways. *Id.*

16 Plaintiff alleged that COVID-19 was caused by a highly contagious virus that causes illness and

17 death in humans, was spread by asymptomatic carriers, survived for up to twenty-eight days on

18 a variety of surfaces, and could be eliminated from property by routine cleaning. *Id.* at *3. The

19

20 [2] *See ABC Indus. Laundry v. Allianz Glob. Corp. & Specialty*, 2023 WL 2537916 (D. Nev. Mar. 16, 2023).

21 [3] *Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142, 1148 (N.D. Cal. 2021), aff'd and remanded, 2022 WL 4007998 (9th Cir. Sept. 2, 2022) (holding "neither COVID-19 nor the governmental orders associated with it cause or constitute property loss or damage for purposes of insurance coverage.");

22 *Protégé Rest. Partners LLC v. Sentinel Ins. Co., Ltd.*, 517 F.Supp.3d 981, 987-88 (N.D. Cal. 2021) (COVID-19 business interruption claims resulting from government shutdown orders that prevented full use of a commercial property or that make the business less profitable do not cause or constitute "direct physical

23 loss of or physical damage to" the insured property."); *see also Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Connecticut*, 492 F. Supp. 3d 1051, 1054–58 (C.D. Cal. 2020); *Seifert v. IMT Ins. Co.*, 495 F. Supp. 3d 747, 751–52, (D. Minn. 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, 497 F. Supp. 3d 1203, 1210–1 (S.D. Ala.

24 2020); *Real Hosp., LLC v. Travelers Cas. Ins. Co. of Am.*, 499 F. Supp. 3d 288, 293–97 (S.D. Miss. 2020).

25

26

Court rejected those arguments, finding the allegations were conclusory, in part because the Oregon Clinic merely alleged COVID-19 caused it to suffer physical damage without explaining how the virus caused the alleged or whether replacement of physically lost or damaged property was necessary. *Id.*

As acknowledged by Wynn, the Supreme Court of Nevada has not issued a ruling directly addressing this topic. And "[i]n the context of interpreting insurance policy terms, [it] has often looked to persuasive precedent from other jurisdictions, especially California." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1123, 1235 (D. Nev. 2010). California's Supreme Court has not confronted this issue directly, but its intermediate appellate courts have split on the issue. *Oregon Clinic*, 2023 WL 4854808, at *6 n.2. But I remain convinced that "the Nevada Supreme Court [will] come to the same conclusion as the Ninth Circuit Court of Appeals, the District of Nevada[,] and California District Courts." *WP6 Rest. Mgmt. Grp. LLC v. Zurich Am. Ins. Co.*, 595 F. Supp. 3d 973, 980 (D. Nev. 2022).

Wynn's complaint suffers the same deficiencies as the insureds in *WP6*, *Oregon Clinic*, and other cases resolving insurance coverage disputes related to COVID-19. It asserts that "COVID-19 travels through respiratory droplets, physically transforming the air exposed to it and attaching itself to the surfaces it contacts[,]" ECF No. 1-1 at 10, ¶35, and that "[b]y adhering to, and becoming part of, the property that it comes into contact with (including when suspended in indoor air), the presence of COVID-19 causes physical loss and/or damage by corrupting [and] physically altering . . . such property[.]" *Id.* at 12, ¶43. But the complaint fails to specifically identify what physical loss or damage the droplets caused nor how the virus caused a "physical alteration" of the property. Stating that its employees and Wynn guests had or became sick with COVID-19 merely implies that its "objects and surfaces" were "contaminat[ed]" by COVID-19; it does not plausibly allege a physical alteration or damage to the property which is required. *See Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp. 3d 1269, 1275–76 (D. Nev. 2021) *aff'd* 2022 WL 1125663 (9th Cir. Apr. 15, 2022) ("Even the few instances where [plaintiff]

purports to identify the property damage it suffered—noting that its employees have taken ill and implying, but not quite stating, that its 'objects and surfaces' were 'contaminat[ed]' by COVID-19."); *WP6 Rest. Mgmt. Grp.*, 595 F. Supp. 3d at 980 (finding that plaintiff's amended complaint contained conclusory allegations that the presence of COVID-19 rendered items of physical property premises "unsafe" but failed to allege any physical alteration to insured property").

Because Wynn has failed to allege physical damage or loss, it cannot meet its burden to allege coverage under the policies for any provision except for the provision for communicable disease, which is not at issue at this time. I thus grant Factory Mutual's motion for partial judgment on the pleadings and order the parties to attend a mandatory settlement conference prior to discovery.

**IV.    Conclusion**

IT IS HEREBY ORDERED that defendant's motion for partial judgment on the pleadings **[ECF No. 54] is GRANTED** pursuant to the instructions in this order. The parties are to attend a mandatory settlement conference before the magistrate judge assigned to this case.

DATED: August 10, 2023

_____
Cristina D. Silva
United States District Judge